*In re* WATSON'S WILL.

(*Supreme Court, General Term, Second Department.* May 11, 1891.)

WILLS—TESTAMENTARY CAPACITY—USE OF INTOXICANTS.

　　Probate of a will was sought to be revoked on the ground that testator was not free and capable at the time of the execution thereof. There was no evidence to sustain the application except that he was addicted to the use of intoxicating liquors to an extent that produced feebleness of body. There was affirmative evidence that his mind was not affected by his habits, and that he was sober when the will was executed. *Held,* that the application was properly denied. Affirming 12 N. Y. Supp. 115.

On rehearing.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

BARNARD, P. J. The original decree of the surrogate admitting the will to probate was entered 23d of January, 1888. An infant party was brought

in, and she raised a new issue upon the construction of the will. The surrogate, on June 4, 1888, again admitted the will to probate, and this decree also construed a clause in the will in respect to a power of disposition in the will. This decree was not appealed from. The present proceeding was initiated by petition, and this recited the two decrees, and specifically referred to the construction of the will made by the decree of June 4, 1888. The grounds stated in it for a revocation of the probate were based upon allegations of incapacity, fraud, and undue influence. The surrogate denied the application, and this appeal brings up the order denying revocation. The petitioners argued at great length the question of the construction of the will, and, if the probate was properly granted, the error of the construction would not be sufficient of itself to revoke probate, yet, so far as that question entered into the application to revoke probate, it was considered and passed upon by the general term. The opinion expresses our conclusion as to the general capacity of testator, his freedom from restraint or fraud, as well as a concurrence with the surrogate in his construction of the will. This was not, it is true, directly presented by the appeal; but it was so strenuously argued as a reason for revocation that it was examined, and no reason was found in the construction why a revocation should be had. Motion denied; with $10 costs. All concur.